Battle. J.
 

 The charge given by his Honor, to the jury, as to the testimony necessary to be shown to prove the defendant’s guilt was correct, and we do not understand' that any objection is made to it. It assumes the propriety- of the construction of the statute in relation to the harboring of runaway slaves, (Rev. Code ch. 34, sec. 81,) which was adopted by the Court in
 
 Dark
 
 v. Marsh, 2 Car. L. Repos. 249, and followed in
 
 Thomas
 
 v.
 
 Alexander,
 
 2 Dev. and Bat. Rep. 385. But the counsel for the defendant contends that his Honor ought to have instructed the jury, that if the defendant, at the time when the slave came to his house, believed that he intended to return to his master the next morning, he was not guilty of the offence of harboring him. Such an instruction would
 
 *9
 
 bare withdrawn from the consideration of the jury the effect of the testimony as to the defendant’s conduct at the time when the master came to search his house. The defendant may not hare intended at first any fraudulent concealment of the slave, and yet have afterwards changed his mind. The instruction prayed seems to imply that there could not have been any such change of purpose, and in that respect it would have been erroneous, and was, therefore, properly refused. The testimony, if believed, was sufficient to justify the jury in finding that- the defendant did fraudulently conceal the slave from his master, for a short time at least, and that was enough to establish his guilt.
 

 Pee CueiaM. Judgment affirmed.